PeaksoN, J.
 

 This is an ordinary hill hy a ward against a guardian for an account and settlement of her estate. By way of anticipating the defense, the plaintiffs charge that the defendant refuses to account, protending that, prior to the intermarriage of the feme plaintiff with the other plaintiff, she was married to ono Cashion, who is still living j but they ayer that, although there was a marriage de facto between the said Cashion and the feme plaintiff, yet such marriage was null and of no force or effect, for that, at the time of its celebration, she was of a weak and imbecile mind, and did not consent to the marriage, hut was hy fraud and duress procured to enter into it against her will, and that as soon as she was freed, therefrom, sho separated from him and refused to recognise the relation of man and wife in respect to him.
 

 The answer relies upon the marriage of the feme plaintiff with Cashion as a defense, and the validity of that marriage is thus incidentally put in issue.
 

 The plaintiffs’counsel cited several authorities in support of the position that where “ nullity” of marriage is incidentally put in issue, in any proceeding, before any tribunal, such
 
 *448
 
 tribunal has power to decide tho question as necessarily involved in the exercise of its appropriate jurisdiction. Without entering upon this subject, it is sufficient to say, in tho language of the court, in
 
 Johnson
 
 v.
 
 Kincade,
 
 2 Ire. Eq. 474, “ It is convenient and fit in. respect to the decent order of society, the condition of the parties and succession of estates, that the validity of such a marriage should be directly the subject of judicial sentence.” And as the Legislature has conferred
 
 sole, original
 
 jurisdiction in
 
 all applications for divorce,
 
 upon the superior courts of law and courts of equity, (Rev. Code, eh. 39, sec. 1,) and pointed out tho mode of proceeding, and tlie rules and regulations to be observed (sec. 5) and required that the material facts charged in the petition or libel shall be submitted
 
 to a jury,
 
 upon whose verdict, and
 
 not othenoise,
 
 the court shall decree, (sec. 0.) and authorised a decree from tho bonds of matrimony, or
 
 that the marriage is null and, void,
 
 and, after a sentence nullifying or dissolving the marriage, all and every, the duties, &c., in virtue of such marriage, shall cease and determine, with a proviso as to tho legitimacy of the children, (sec. 11,) we do not feel at liberty to decide a question of such grave importance, as a thing collateral or incidental to an ordinary bill for an account, where the trial will be made, without the intervention of a jury, upon depositions which are usually taken in a defectivo and unsatisfactory manner;
 
 Fisher
 
 v.
 
 Carroll,
 
 1 Jones’ Rep. 27.
 

 That the jurisdiction of tho Superior Courts of Law and Courts of Equity, under the statute, extends to a case of “nullity of marriage, is settled;
 
 Johnson
 
 v.
 
 Kincade, supra;
 

 Crump
 
 v.
 
 Morgan,
 
 3 Ire. Eq. 91; and the propriety of requiring that fact to be established by the judgment or sentence of a tribunal having sole original jurisdiction, is too manifest to require any further observation.
 

 The cause will he retained “for further directions,” to the end, that the plaintiff', if so advised, may institute proceedings in the proper court to obtain a decree of nullity of marriage, after which they will be at liberty to move in this cause, and
 
 *449
 
 in the meantime to take any order that may be necessary to secure the fund.
 

 PeR Cueiam, Decree accordingly.