140 So. 552

## SIBLEY v. KENNEDY et al.

### 8 Div. 351.

Supreme Court of Alabama.
March 17, 1932.

H. H. Hamilton, of Russellville, for appellant.

W. H. Quillin, of Russellville, for appellees.

KNIGHT, J.

The complainants (appellees), J. H. Kennedy and Ollie Kennedy, filed their bill in the circuit court of Franklin county, seeking the cancellation of a deed executed by A. M. Kennedy to the appellant.

The complainants aver that the said A. M. Kennedy died, intestate, in Franklin county on the 5th day of June, 1931, and that no administration has been had upon his estate. The present bill was filed on July 8, 1931. In their bill, it is averred that the complainant Ollie Kennedy is the widow, and the said J. H. Kennedy is the sole heir at law, of the decedent.

In addition to seeking cancellation of the deed to E. K. Sibley, the respondent, the bill also prays that homestead exemptions be set apart to the widow, and dower assigned to her in the lands attempted to be conveyed by said deed. In the second paragraph of the bill the complainants aver: "That Ollie Kennedy and the said A. M. Kennedy were legally married to each other on the 9th day of July, 1928, and that at the time of the death of said A. M. Kennedy the said complainant was the legal and lawful wife of the said decedent."

The bill also prays that the title of the complainants to "said lands" be quieted as against the said defendant and that he be declared to have no right, title, or interest therein.

With reference to the deed, which the bill seeks to have canceled, it is averred: "That said deed is without consideration and void; that said deed is a fraud on the rights of complainants in and to said lands; that said deed was secured or obtained by undue influence exerted by the defendant on or over the said A. M. Kennedy; that at the time of the execution of said deed the said A. M. Kennedy was incompetent by reason of insanity to convey land and execute a deed therefor; and that said deed was not executed on the day it bears date."

In another paragraph of the bill, it is averred: "That said deed was not executed on the 7th day of March, 1928 (the date it bears) but was executed *on or about* the 17th day of October, 1928 (being the day on which it was filed for record), and that said deed was executed without consideration being paid or moving from the defendant to said Kennedy, and that said deed was a sham or fraud and was not intended by grantor to convey the title to said land to the defendant, and that said deed was executed with the intent on the part of said Kennedy and for the sole purpose of defeating the rights of complainant Ollie Kennedy of dower and homestead and other rights which she had in and to said lands as the wife of said Kennedy under and by virtue of the Constitution and statutes of Alabama."

In section 7 of the bill, the complainants aver: "That at the time of the execution of the aforesaid deed the said A. M. Kennedy was incompetent to convey lands and to execute a deed therefor, that he had been incompetent to execute deeds and conveyances *for more than three years next preceding the date of his death, by reason of insanity.*" His death occurred on June 5, 1931, and the marriage on July 9, 1928.

It thus appears that the alleged marriage of complainant Ollie Kennedy to said A. M. Kennedy occurred at a time when, as shown by complainants' bill, the said A. M. Kennedy was insane.

■ If Kennedy was insane when he attempted to enter into a marriage contract with Ollie

356

Kennedy, the marriage was a *nullity*. It was void ab initio, and Ollie Kennedy acquired no rights under it, for to constitute a valid marriage "the essentials common to all contracts, capacity and consent, must be present." This exact question has heretofore been presented to, and passed upon by, this court. The late Chief Justice Stone, then a justice of this court, in the case of Rawdon v. Rawdon, 28 Ala. 565, speaking for the court, said: "The rule is well settled, on both sides of the Atlantic, that no contract is of any validity whatever, if either of the contracting parties be of unsound mind. Such contract is wanting in the essential element—the *concurring assent of two* minds; and hence the law pronounces it absolutely void. This rule is alike applicable to the marriage contract." Bishop on Marriage and Divorce, § 177; Bright on Husband and Wife, vol. 1, p. 2; Bell v. Bennett, 73 Ga. 784; Hagenson v. Hagenson, 258 Ill. 197, 101 N. E. 606; Hamaker v. Hamaker, 18 Ill. 137, 65 Am. Dec. 705; Castor v. Davis, 120 Ind. 231, 22 N. E. 110; Jenkins v. Jenkins' Heirs, 2 Dana (Ky.) 102, 26 Am. Dec. 437; Winslow v. Troy, 97 Me. 130, 53 A. 1008; Little v. Little, 13 Gray (Mass.) 264; Chapline v. Stone, 77 Mo. App. 523; Williamson v. Williams, 56 N. C. 446; Cole v. Cole, 5 Sneed (Tenn.) 57, 70 Am. Dec. 275; Eng. Browning Reony, 161 Reprint 1080.

In the case of Barfield v. Barfield, 139 Ala. 290, 35 So. 884, where there was a void marriage, this court held that in such case there were no dower or homestead rights.

Thus, under the averments of the bill, construing the same most strongly against the pleader, as we must do, the complainant Ollie Kennedy, in her effort to show that the deed of A. M. Kennedy was void by reason of the insanity of the maker, also made it to *clearly appear* that her marriage, falling as it did within the period of her husband's insanity, was subject to the same infirmity.

The demurrer presenting this objection should have been sustained.

The bill is also defective in not averring a description of the lands which were attempted to be conveyed by the deed. It should be sufficiently specific in this regard as to inform the court of the particular portion of the four hundred and forty acres which was conveyed by the deed. The bill avers that the deed conveyed the said lands (referring to the entire described tract), or a part thereof. The bill was subject to the demurrer in this respect, and the demurrer thereto should have been sustained.

Inasmuch as the bill does not negative the fact that the estate of A. M. Kennedy owes debts, and in view of the fact that complainant Ollie Kennedy is seeking dower and homestead allotment in the lands, the personal representative of said decedent is a necessary party to the bill. Winsett v. Winsett, 203 Ala. 373, 83 So. 117; Code, § 7439. In the allotment of dower and setting apart of homestead exemptions, the administrator represents the creditors of the estate.

As a bill to quiet title, under chapter 336 of the Code, it is manifestly defective, in that it does not aver that complainants are in the peaceable possession of the land, and that no suit is pending to enforce or test the validity of such title. In the absence of such averments, the bill, as one to quiet title, is without equity, and the demurrer directed thereto should have been sustained.

In the case of Kelly v. McGrath, 70 Ala. 75, 45 Am. Rep. 75, this court held: "That a husband, in contemplation of marriage, may commit frauds upon the rights which, on the marriage, would accrue to the intended wife, from which, after marriage, a court of equity will relieve her, as it relieves the husband from the antenuptial frauds of the wife, is recognized by a large number of adjudications in this country, and has the sanction of a direct decision by Chancellor Kent. 2 Bish. Mar. Women, §§ 352–353; Cranson v. Cranson, 4 Mich. 230, 66 Am. Dec. 534; Petty v. Petty, 4 B. Mon. [Ky.] 215, 39 Am. Dec. 501; Swaine v. Perine, 5 Johns. Ch. [N. Y.] 482, 9 Am. Dec. 318; Tate v. Tate, 1 Dev. & Bat. Eq. [21 N. C.] 22; Smith v. Smith, 2 Halst. Ch. [6 N. J. Eq.] 515; Jenny v. Jenny, 24 Vt. 324; Dearmond v. Dearmond, 10 Ind. 191."

In the recent case of Lewis et al. v. Davis, 198 Ala. 81, 73 So. 419, 421, speaking to the same point, the court held: "On the phase of the case that the conveyance was a fraud on the marital rights of Mrs. Elizabeth Lewis, we may observe the gist of such action is, that the prospective husband had the intention, in the execution of the conveyance, to defeat the prospective wife of her right of dower and homestead, or whatever statutory interest she would obtain in the real property of the husband, in virtue of the marriage." Nelson v. Brown, 164 Ala. 397, 51 So. 360, 137 Am. St. Rep. 61; Cannon v. B. T. & S. Co., 194 Ala. 469, 69 So. 934; 21 Cyc. 1156.

The complainants seek, in a way, to invoke this principle of equity in this case. But just what ground of complaint against this action on the part of the prospective husband, the complainant J. H. Kennedy, as the heir at law of said A. M. Kennedy, has, we confess we are unable to appreciate. If this attack should be sustained, it could in no event inure to the benefit of J. H. Kennedy, as the deed would be void only to the extent of securing homestead exemptions and dower to the said Ollie Kennedy, and for all other purposes it would be good. In this connec-

tion, complainants, if the bill is to be amended to meet the other defects, in the bill herein pointed out, might consider the case of Staples v. Barret et al., 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084.

As stating a case falling within the influence of Kelly v. McGrath, supra, the bill is defective for the reason it is not averred that at the time of the execution of said deed negotiations were in progress between the said Ollie Kennedy and A. M. Kennedy looking to a marriage between them, that is, that a marriage between the parties was then in contemplation, and that the deed was executed in the anticipation of the marriage to deprive the intended wife of rights which would upon consummation of the marriage accrue to her. The bill, it may be admitted, contains such an inference; but the facts, not conclusions of the pleader, must be averred with certainty, and not left to rest in inference. Savannah, etc., R. Co. v. Lancaster, 62 Ala. 555; Tutwiler v. Dugger, 127 Ala. 191, 28 So. 677.

We doubt, however, that the demurrer sufficiently raises this point. However, we make the above observation so that if the bill, on remandment, is to be amended, the complainants may also amend the bill in this particular; that is, if this phase of the case is to be insisted upon.

For the errors committed by the court in overruling those certain grounds of demurrer herein pointed out, the decree of the court is reversed and a decree here rendered sustaining the demurrers as pointed out in this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.