38 So.2d 890

### FRIX v. PARKER.

7 Div. 989.

Supreme Court of Alabama.

Feb. 17, 1949.

W. Jay Tindle, of Fort Payne, for appellant.

John B. Isbell and W. M. Beck, both of Fort Payne, for appellee.

BROWN, Justice.

■ The bill in this case was filed by the appellant on the 27th of October, 1947, against the appellee, seeking the cancellation of a deed executed by him to appellee on the 4th of August, 1947, to 37 acres of land situated in DeKalb County on the ground that the execution of said deed was superinduced by undue influence on complainant, exercised and practiced by defendant and her son, Pleas Parker. The deed was executed on a recited consideration of the sum of "$1.00 and other valuable considerations to him paid by the party of the second part, the receipt whereof is hereby acknowledged." This recital constituted said deed one of bargain and sale. Crosby v. Baldwin County, 227 Ala. 122, 147 So. 814; McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am.St.Rep. 54.

■ The great weight of the evidence goes to show that said deed was executed by the complainant without the knowledge of the defendant along with other deeds to his children in an effort to distribute equitably his property between his loved ones. That said acts of the complainant were of his own volition and without suggestion from any one. The evidence shows that he had the lands platted, sought the advice of a competent lawyer, who drew the deeds, and he executed them and delivered each of said deeds to the grantees, his children, and also delivered the deed executed to the defendant in this case in consideration of her service through a period of fifty years as a member of his family. The evidence further shows without dispute that the defendant when she was a mere child, after the marriage of the complainant and his wife (the sister of the defendant), was received into the home as a member of the family and remained there for the length of time stated above. And during that time, in addition to her service in the household and in the fields along with the other children of the complainant, when she was but fourteen years of age, submitted to the embraces of the complainant and gave to him a son who, also, was accepted as a member of the family and lived therein until he married.

After due consideration of the testimony embodied in this record, we are in agreement with the conclusion stated by the trial court in the decree from which this appeal is prosecuted. The evidence not only refutes any semblance of undue influence, but proves conclusively that the act of the execution of said deed was voluntary and was merely carrying out the scheme of the complainant, who had grown old and feeble, in attempting to administer and distribute his estate among his loved ones. There is much evidence going to show that he regarded the defendant as a member of his family and that he had

made efforts through the years to make provision for her comfort and support in case of his departure. She remained in the house of the complainant until the death of her sister, the wife of the complainant, and immediately thereafter removed to the home of her son. The fact that defendant moved out of complainant's home, together with the objection from some of the other parties benefitted by his acts, probably brought about this litigation.

We concur that the case presented is wanting in equity and that the decree of the circuit court denying relief and dismissing the bill should be and is affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.