60 So.2d 342

## DORROUGH v. GROVE et al.
### 6 Div. 265.

Supreme Court of Alabama.
Aug. 27, 1952.

J. K. Murphree and H. A. Entrekin, Cullman, for appellant.

H. E. Mitchell and Marvin H. Galin, Cullman, for appellees.

LIVINGSTON, Chief Justice.

The bill in this case was filed by Mrs. Nell Collum Dorrough, the widow of Charles W. Dorrough, deceased, to set aside three deeds executed and delivered by the said Charles W. Dorrough in his life time, conveying to his three daughters by a former marriage certain described real estate and personal property, and for an accounting. The bill makes the three daughters of the deceased and the administrator of the deceased's estate, parties respondent. Demurrer to the bill was sustained and complainant appealed.

The gravamen of the cause of action is that the aforesaid deeds were executed and delivered in anticipation of the marriage of complainant and the deceased Dorrough to deprive the intended wife of rights which would upon the consummation of the marriage accrue to her. The exact question is, do the allegations of the bill of complaint meet the requirements of good pleading, that is, state a cause of action against the respondents.

The theory upon which the bill was drawn is one which has been treated in a number of Alabama decisions. The first and lead-

ing case is Kelly v. McGrath, 70 Ala. 75. The English rule which protected only the husband from pre-nuptial frauds of his wife was extended to include protection for the wife. There it was said:

Courts of equity have always intervened to set aside conveyances made by a woman on the eve of marriage which are shown to be a fraud on the intended husband's marital rights. Even-handed justice requires that the vast and benign power of the same court should be exerted with equal diligence to forbid a man's denuding himself of his property in contemplation of marrying an intended wife. In sound reason and principle, there is no just distinction between the fraud by the woman on the man in the one case, and that by the man on the woman in the other. The difference, in our opinion, is one of degree only, and not of kind.

The rule, stated simply, is that a conveyance of land by the husband, executed in contemplation of marriage, without the knowledge of his intended wife, and intended to prevent her rights of dower and homestead from attaching to his lands, is a fraud upon the rights of the wife on marriage, against which a court of equity will grant relief. Kelly v. McGrath, supra; Nelson v. Brown, 164 Ala. 397, 51 So. 360; Cannon v. Birmingham Trust & Savings Co., 194 Ala. 469, 69 So. 934; Lewis v. Davis, 198 Ala. 81, 73 So. 419; Sibley v. Kennedy, 224 Ala. 354, 140 So. 552; Anderson v. Lewter, 232 Ala. 375, 168 So. 171; 28 C.J.S., Dower, § 58, pages 129–131; 17 Am. Jur. § 107, p. 764.

The instant bill, although drawn upon this general principle, is not sufficient in our opinion for the intended purposes. The principle underlying this theory of law is akin to the protection given creditors, whether the debt exists or not at the time of the conveyance. In such cases the nature of the conveyance which is attacked must be considered. If the conveyance is founded upon a valuable consideration, the creditor must allege and prove notice to or participation by the grantee. If the conveyance is voluntary—that is, there is no consideration or the consideration is merely a good consideration as distinguished from a valuable consideration—it is enough to prove the fraudulent intent of the grantor. Anderton v. Hiter, 238 Ala. 76, 188 So. 904; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Pace v. Wainwright, 243 Ala. 501, 10 So.2d 755. The conveyance is valid even as against defrauded creditors if the grantee is a bona fide purchaser.

We are of the opinion that the same principle should apply to cases where the defrauded spouse seeks to set aside a conveyance. Indeed, the bill was so drawn in the case of Anderson v. Lewter, supra.

The deeds given by appellant's husband to his three children are attached to and made a part of the bill. These deeds contain the following statement:

"* * * for and in consideration of the sum of One dollar and other valuable considerations to me in hand is paid by * * * the receipt whereof is hereby acknowledged * * *."

This expresses a valuable consideration in contemplation of law. Frix v. Parker, 251 Ala. 601, 38 So.2d 890. There is no allegation in the bill that the grantees knew of or participated in the fraudulent scheme of their father, or that the conveyances were voluntary. Without these allegations the grantees stand as bona fide purchasers, and the conveyances are valid. The demurrer pointing out such defect was properly sustained.

Appellant is given thirty days in which to amend her bill if she be so advised.

Affirmed.

FOSTER, LAWSON, SIMPSON and GOODWYN, JJ., concur.