91 So.2d 675

**W. T. McBEE**

**v.**

**Carrie McBEE.**

**6 Div. 853.**

Supreme Court of Alabama.

Dec. 21, 1956.

Morton & Hesse and Taylor, Higgins, Windham & Perdue, Birmingham, for appellee.

A. H. Nichols and J. L. Drennen, Birmingham, for appellant.

SPANN, Justice.

This bill was filed by the widow of a decedent with the purpose of assigning dower and homestead in certain land owned by the decedent prior to the marriage. To this

end, the bill sought to cancel the deed to such land alleged to have been executed by decedent before marriage, because the deed was made in contemplation of marriage with complainant and in fraud of her prospective marital rights in such land. This appeal was taken by the respondent from a decree which cancelled the said deed and made the land subject to dower and homestead rights of the complainant.

The deed in question was executed by the decedent, Thomas M. McBee, to his son of a former marriage, W. T. McBee, the appellant. The deed executed the 1st day of October, 1943, conveyed 76 acres of land, on a recited consideration of $1 and other good and valuable consideration.

Complainant, Mrs. Carrie McBee, and Thomas M. McBee were married October 2, 1943. They lived together until the death of Mr. McBee on September 24, 1953.

The bill charges that at the time Thomas M. McBee proposed marriage with the complainant he represented that he owned said land and upon their marriage that they would reside thereon as a home place; that the complainant relied upon this representation and married the said Thomas M. McBee. The bill then alleges that the deed was executed without the knowledge of the complainant on the day before their marriage, without consideration, and with the intent of the said Thomas M. McBee to defeat or prevent complainant's rights of dower and homestead from attaching to said land.

In the alternative, the bill avers that the deed was executed without complainant's knowledge, with the intent and purpose of said Thomas M. McBee and respondent to defeat complainant's rights of dower and homestead in said land. Complainant further avers that she had no knowledge of the fact of the execution and delivery of said deed until subsequent to the death of her husband. The allegation is also made that the respondent knew of complainant's forthcoming marriage to Thomas M. McBee. The deed was included in the bill

by reference to complainant's exhibit "A." Thomas M. McBee reserved a life estate in the property.

The theory upon which this bill was brought is that a conveyance of land by the husband, executed in contemplation of marriage, without the knowledge of his intended wife, and intended to prevent her rights of dower and homestead from attaching to his lands, is a fraud upon the rights of the wife on marriage, against which a court of equity will grant relief. Dorrough v. Grove, 257 Ala. 609, 60 So.2d 342; Anderson v. Lewter, 232 Ala. 375, 168 So. 171; Sibley v. Kennedy, 224 Ala. 354, 140 So. 552; Lewis v. Davis, 198 Ala. 81, 73 So. 419; Cannon v. Birmingham Trust & Savings Co., 194 Ala. 469, 69 So. 934; Nelson v. Brown, 164 Ala. 397, 51 So. 360; Kelly v. McGrath, 70 Ala. 75; 28 C.J.S., Dower, § 58, pages 129–131; 17 Am.Jur., Section 107, page 764.

The respondent in bringing this appeal assigns some fourteen grounds of error. The first assignment of error is that the court erred in overruling the demurrers to the bill of complaint. This is sufficient as an assignment of error as it is not necessary that a separate assignment of error be made as to each ground of demurrer relied on. Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Copeland v. Swiss Cleaners, Inc., 255 Ala. 519, 52 So.2d 223. We treat, however, only those grounds of demurrer argued in the brief of the appellant. Cook v. Whitehead, 255 Ala. 401, 51 So.2d 886.

The sole question argued in appellant's brief under assignments of error one through three is whether the allegations of the bill of complaint meet the requirements of good pleading so as to state a good cause of action against the respondent.

In the case of Dorrough v. Grove, supra [257 Ala. 609, 60 So.2d 343], where the question of the sufficiency of a bill to set aside deeds executed by the intended husband on the eve of marriage, as a fraud

upon the marital rights of the intended wife, we said:

"The instant bill, although drawn upon this general principle, is not sufficient in our opinion for the intended purposes. The principle underlying this theory of law is akin to the protection given creditors, whether the debt exists or not at the time of the conveyance. In such cases the nature of the conveyance which is attacked must be considered. If the conveyance is founded upon a valuable consideration, the creditor must allege and prove notice to or participation by the grantee. If the conveyance is voluntary—that is, there is no consideration or the consideration is merely a good consideration as distinguished from a valuable consideration—it is enough to prove the fraudulent intent of the grantor. Anderton v. Hiter, 238 Ala. 76, 188 So. 904; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Pace v. Wainwright, 243 Ala. 501, 10 So.2d 755. The conveyance is valid even as against defrauded creditors if the grantee is a bona fide purchaser.

"We are of the opinion that the same principle should apply to cases where the defrauded spouse seeks to set aside a conveyance. Indeed, the bill was so drawn in the case of Anderson v. Lewter, supra.

"The deeds given by appellant's husband to his three children are attached to and made a part of the bill. These deeds contain the following statement:

"'* * * for and in consideration of the sum of One dollar and other valable considerations to me in hand is paid by * * * the receipt whereof is hereby acknowledged * * *.' This expresses a valuable consideration in contemplation of law. Frix v. Parker, 251 Ala. 601, 38 So.2d 890. There is no allegation in the bill that the grantees knew of or participated in the fraudulent scheme of their father, or that the conveyances were voluntary. With-

out these allegations the grantees stand as bona fide purchasers, and the conveyances are valid. * * *"

The case of Williams v. Williams, 238 Ala. 637, 193 So. 167, 168, has this to say concerning the sufficiency of a bill to set aside a voluntary conveyance as a fraud on creditors:

"Without question general averments of fraud, in effect no more than the conclusions of the pleader, will not suffice when challenged by demurrer. The bill should aver facts disclosing in what the alleged fraud consists, advising the respondent what he is called upon to defend. Harris v. Nichols, 223 Ala. 58, 134 So. 798; Hyman v. Langston, 210 Ala. 509, 98 So. 564.

"But this may be done in few or in many words, as the case may be. Thus, in a bill seeking to avoid a conveyance at the suit of existing creditors, an averment that the conveyance was voluntary, without any valuable consideration, discloses constructive fraud, and is sufficient."

■ In the case before us, it is alleged that the conveyance was made without consideration, without the knowledge of the complainant; that the conveyance was made in contemplation of marriage with the intent of the deceased and respondent to deprive the complainant of her rights in said property after the marriage. Considered in the light of Dorrough v. Grove and Williams v. Williams, supra, we think that fraud has been sufficiently alleged in the bill of complaint.

■ Assignments of error four through ten are that the court erred in granting complainant relief on the evidence in the cause. There was an open conflict in the evidence. The testimony, however, was taken orally before the trial court, sitting without a jury. The trial court saw and heard the witnesses and granted the complainant relief. The findings of a trial court, for reasons ofttimes stated, are to be accorded the same

presumptions as the verdict of a jury and will not be disturbed on appeal unless plainly and palpably wrong or against the great preponderance of the evidence. Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533; Halman v. Bullard, 261 Ala. 115, 73 So.2d 351; Sparkman v. Williams, 260 Ala. 472, 71 So.2d 274.

■ We have carefully considered the evidence, its several tendencies and reasonable inferences. A detailed recital or discussion of the evidence would serve no good purpose. Based upon the rule of review as stated, we conclude the findings of the trial judge should not be disturbed.

■ Assignment of error number eleven is that the trial court erred in overruling the objection of the appellant (respondent) to the following question asked the witness, Mrs. McBee:

"The day before you and Thomas M. McBee married, did your husband leave home to go and see his children, and tell them of his marriage?"

The appellant argues that this evidence was not admissible. The record reveals that the objection was made after the question was answered. Therefore, there being no motion to exclude, the court will not be put in error on appeal. Jones v. Lamb, 239 Ala. 225, 194 So. 652.

Assignments of error twelve and thirteen are that the trial court committed reversible error in sustaining objection of the complainant (appellee) to the following questions propounded to W. T. McBee:

"Will you tell his Honor what happened that day between you and your father?

"I will ask you, did you talk to your father at any time after his marriage to Mrs. McBee upon which occasion he made some declaration with reference to the ownership of that property?"

Title 7, Section 433, Code 1940, states that no person having a pecuniary interest in the result of a suit or proceeding shall be allowed to testify against the party to whom his interest is opposed, as to any transaction with, or statement by, the deceased person whose estate is interested in the result of the suit or proceeding. The case of Thomas v. Tilley, 147 Ala. 189, 41 So. 854, is one involving the construction of this statute. The bill in that case set up a claim that J. W. Thomas, the father of the complainant, in his lifetime gave to the complainant a certain note and mortgage, which was admitted to be due at the time suit was brought. The complainant sought to establish the transfer and foreclose the mortgage. The widow and heirs of J. W. Thomas controverted the fact of the assignment. Testimony of the complainant was objected to as violative of Section 1794 of the Code of 1896, which is presently Title 7, Section 433, Code 1940. The court held that the son could not testify as to the statements had with his father about the assignment.

■ The estate of the deceased is interested in the outcome of this suit. The appellant (respondent) has an interest in this suit which is opposed to the interest of the estate. Any statements, therefore, between the appellant and the deceased would fall within the rule of the Tilley case, supra, and be in violation of Title 7, Section 433, Code 1940. The court properly sustained the objections to the questions.

■ Assignment of error number fourteen is that the court erred in overruling the application for rehearing. This assignment of error is waived as it is not sufficiently argued in the appellant's brief. Gray v. First National Bank of Birmingham, 263 Ala. 361, 82 So.2d 528; Simpson v. Birmingham Elec. Co., 261 Ala. 599, 75 So.2d 111.

There is no error in the record. The complainant under the rule of Dorrough v. Grove, supra, was entitled to the relief

sought in the bill of complaint. The decree of the lower court will be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.