429 So.2d 973 (1983)
Mattie L. HAYNIE
v.
Twynette BYRD.
80-907.
Supreme Court of Alabama.
March 25, 1983.
*974 James R. Owen of Owen & Ball, Bay Minette, for appellant.
Hugh M. Caffey, Jr., of Caffey & Byrd, Brewton, for appellee.
ADAMS, Justice.
This appeal involves an action in ejectment to recover possession of land located in Baldwin County, Alabama, and in detinue for recovery of various items of personal property. Mattie L. Haynie (plaintiff) sued Twynette Byrd (defendant), alleging that plaintiff held legal title to the land, and that she owned the disputed items of personal property. The Circuit Court for Baldwin County disagreed. After a nonjury trial, it held for defendant and dismissed the complaint. Plaintiff appealed. On this appeal, plaintiff attacks the trial court's judgment only as to the ownership of the real property.
Two issues, and the questions posed thereby, are dispositive of this appeal. The first is: "Even though defendant did not raise the affirmative defense of fraud, could the trial court properly find that fraud vitiated the validity of the deed relied upon by plaintiff to establish her ownership of the home and land? The second is: Assuming that the trial court could consider evidence of fraud, was it sufficient to vitiate the deed's validity? We answer both in the affirmative, and we affirm the judgment of the trial court.
The facts are as follows:
Plaintiff is the sister of James Edward Byrd (Byrd), who died on May 10, 1981. Byrd was also defendant's husband at the time of his death. Defendant and Byrd married on July 2, 1979. Just before his marriage, he owned a house and land, which is the subject of plaintiff's action. Defendant lived on the disputed property with Byrd during the time of their marriage, and she was still living there when plaintiff filed suit.
Numerous deeds to the property were executed between plaintiff and Byrd. Plaintiff testified that she initially paid Byrd $6,000.00 for the property, and later gave him $1,500.00 in connection with the house in 1975. Plaintiff testified, and introduced evidence, showing that Byrd gave her a warranty deed to the property dated November 17, 1977. That deed was not recorded until September 21, 1978. Also, on September 21, 1978, plaintiff gave back to Byrd a warranty deed to the same property. This second deed was not recorded until July 2, 1979, the day of Byrd's marriage to defendant. Before the wedding, Byrd again transferred the property back to plaintiff by deed dated July 2, 1979. This last deed was not recorded until May 11, 1981, the day after Byrd died. Defendant first learned of plaintiff's claim to ownership of the property shortly after Byrd's death. Plaintiff informed defendant that she owned everything that had belonged to Byrd.
The record discloses Byrd married and divorced six times before his marriage to defendant. Apparently, Byrd became apprehensive about the potential consequences of marriage before he married defendant. Sealy Byrd, (the stepmother of Byrd and the plaintiff,) testified regarding Byrd's fraudulent interest in transferring the property to plaintiff. Plaintiff admitted, *975 according to Sealy Byrd's testimony, that title to the property was transferred as an arrangement between Byrd and plaintiff due to his marriages. Plaintiff allegedly stated that an earlier wife got her "part," and that no other woman would get the rest.[1]
Plaintiff first argues that because defendant did not raise the affirmative defense of fraud, as required by Rule 8(c), Alabama Rules of Civil Procedure, the trial court's judgment for defendant, based upon a finding of fraud, is in error. We disagree. We considered this same issue last year in Bischoff v. Thomasson, 400 So.2d 359 (Ala. 1981). There, we said:
Bischoff argues it is not before us, since Thomasson did not amend his pleadings to specifically raise the defense. We disagree. As provided in Rule 15(b), ARCP:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. [Emphasis added.]
This Court has found implied consent where an opposing party fails to object to the introduction of evidence raising the disputed issue. See McDuffie v. Hooper, 294 Ala. 293, 315 So.2d 573 (1975); Rafield v. Johnson, 294 Ala. 235, 314 So.2d 695 (1975). As noted in the Committee Comments to Rule 15, ARCP, "Under the rule where evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings `shall' be deemed amended to conform to such evidence [emphasis added]."
Bischoff v. Thomasson, 400 So.2d 359 at 363.
In the appeal before us, the record shows the introduction of evidence and testimony, without objection from plaintiff, on the issue of fraud. Under our holding in Bischoff v. Thomasson, we deem the pleadings amended to conform to the evidence. The trial court, therefore, did not err in considering testimony and evidence going to the issue of fraud.
Next, we consider the issue of whether the alleged fraud was sufficient to vitiate plaintiff's claim to ownership of the disputed property. The rule, in this setting, is as follows:
[A] conveyance of land by the husband, executed in contemplation of marriage, without the knowledge of his intended wife, and intended to prevent her rights of dower and homestead from attaching to his lands, is a fraud upon the rights of the wife on marriage, against which a court of equity will grant relief. Dorrough v. Grove, 257 Ala. 609, 60 So.2d 342; Anderson v. Lewter, 232 Ala. 375, 168 So. 171; Sibley v. Kennedy, 224 Ala. 354, 140 So. 552; Lewis v. Davis, 198 Ala. 81, 73 So. 419; Cannon v. Birmingham Trust & Savings Co., 194 Ala. 469, 69 So. 934; Nelson v. Brown, 164 Ala. 397, 51 So. 360; Kelly v. McGrath, 70 Ala. 75; 28 C.J.S., Dower, § 58 pages 129-131; 17 Am.Jur., Section 107, page 764.
McBee v. McBee, 265 Ala. 414 at 416, 91 So.2d 675 at 677 (1956).
Where a trial court, sitting without a jury, hears evidence presented ore tenus, its judgment will not be disturbed on appeal unless it is plainly and palpably erroneous. Zirlott v. Radcliff, 406 So.2d 879 (Ala.1981); Caudle v. Ellison, 401 So.2d 38 (Ala.1981); Sterling Oil of Oklahoma, Inc. v. Pack, 291 Ala. 727, 287 So.2d 847 (1973). From the evidence adduced at trial, the trial court could conclude that Byrd, in contemplation of marriage, without consideration, and without defendant's knowledge, fraudulently transferred the property to *976 plaintiff on July 2, 1979. We, therefore, find no reversible error. The judgment of the trial court is affirmed.
AFFIRMED.
FAULKNER and EMBRY, JJ., concur.
ALMON, J., concurs in the result.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I write merely to express my view that Rule 54(c), A.R.Civ.P., reinforces the majority's holding that the pleadings were amended to conform to the evidence when evidence was introduced, without objection by the plaintiff, on the issue of fraud. Rule 54(c), A.R.Civ.P., provides in part:
"Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
The Committee Comments to Rule 54(c) explain the relationship between Rule 15 and Rule 54:
"The second sentence of subdivision (c) implements the general principle of Rule 15(b), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. It is a necessary rule in a merged system of law and equity.... But this rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15(b), the pleadings could be deemed to be amended to conform to the evidence."
I agree with the majority's conclusion that the evidence presented on the issue of fraud was sufficient to vitiate the plaintiff's claim to ownership, and that under Rules 15(b) and 54(c), A.R.Civ.P., the defendant would be entitled to relief based on the evidence presented to the trial court.
NOTES
[1] From the record we discern that the alleged statement refers to Sallie Byrd, from whom Byrd was divorced on June 10, 1977. Sealy Byrd testified that Byrd had to pay Sallie Byrd approximately $3,000.00 as a result of the divorce.