TORBERT, Chief Justice
(dissenting).
This appeal has occasioned my re-examination of the opinion in this case on its first appeal, Abston v. Woodard, 398 So.2d 237 (Ala.1981) (Abston I), in which I concurred. The learned trial judge focused attention on the problem when he observed that “[t]he Supreme Court, apparently, [in the first appeal] establishes a new rule of evidence and they said that he [Abston] proved that he may have been dismissed for that reason.” For the reasons hereinafter stated, it is my considered judgment that Abston I palpably misapplies federal law protecting first amendment exercises as announced in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and unreasonably restricts the trial court in its function as the factfinder. I dissent to point out this view in the hope that this Court can soon correct the holding of Abston I.
While it is clearly the law that a non-tenured teacher is protected from employment retaliation for the exercise of his constitutionally protected right of free speech, the burden is on the teacher to show that the protected conduct was a “substantial” or “motivating factor in the Board’s decision not to rehire him.” Mt. Healthy, 429 U.S. at 287, 97 S.Ct. at 576. Only then must the board come forward and “prove by a preponderance of the evidence that the same decision would have been reached in the absence of the protected conduct.” Allen v. Autauga County Board of Education, 685 F.2d 1302, 1304 (11th Cir.1982). Failure of the plaintiff to meet his prima facie burden is a matter for determination by the trial court as the factfinder.
Abston I goes astray of federal law by reversing the factfinder’s determination that plaintiff failed to prove that the board’s non-renewal decision was based upon his free speech exercise. The language of Abston I itself suggests that the factfinder did not abuse his discretion or commit clear error: “[W]e find that there was sufficient evidence to show that his nonrenewal may have been based on his having exercised his constitutional right of freedom of expression.... ” 398 So.2d at 242 (emphasis added). The Court in Abston I addressed the trial court with the following question: “Would the Board have reached the same decision in Abston’s case absent its knowledge, if any, of Abston’s involvement in the ‘gate receipts’ matter, or in the attempt to get Lawrence fired?” Id. (emphasis added). If plaintiff had met his prima facie burden, this Court could have confidently stated that the board did have knowledge, an obvious prerequisite to a finding that such knowledge was a substantial or motivating factor in the decision not to renew Abston’s teaching contract.
Even more revealing is the language used by this Court in Abston I to announce its disagreement with the trial court’s findings:
*1266 “Viewing the evidence in a vacuum, one could conclude, as did the trial judge, that neither principal Lawrence nor the school board knew of Abston’s activities involving the ‘gate receipts’ matter, but we do not sit in a vacuum. We have read the whole record and we are convinced that from the evidence presented, it is not mere speculation to conclude from the direct and circumstantial evidence that Lawrence must have known that Abston was connected with the effort to get him fired.”
398 So.2d at 241. The Court admits, after reviewing the evidence, that “one could conclude” the school board did not know about Abston’s protected conduct. Suggesting that the trial court operated in a vacuum in considering the evidence should not be grounds for invalidating the findings; indeed the finder of fact should objectively examine all available evidence, excluding outside information not properly before the court. Moreover, this Court’s announcement that “it is not mere speculation to conclude” is a backhanded and misleading method of reversing a trial court’s finding of fact. Whether or not this Court is persuaded by the findings below is immaterial to appellate review. “Where a trial judge, sitting without a jury hears evidence presented ore tenus, its judgment will not be disturbed unless plainly and palpably erroneous.” Haynie v. Byrd, 429 So.2d 973, 975 (Ala.1983). The trial court concluded that the board did not reach its decision based in any degree upon Abston’s exercise of free speech. The uncertainty and inconsistency of this Court’s opinion in Abston I makes it obvious that the trial court’s findings were not plainly and palpably erroneous.
Mt. Healthy does not ask for a change in the ore tenus doctrine or similar rules of fact review on appeal. These procedural matters are the province of state courts. Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 4028 at 747 (1977). Rather, the U.S. Supreme Court established what must necessarily follow once plaintiff has met his pri-ma facie burden.
The trial court, understandably confused by the Abston I ruling, attempted to limit the inquiry to the one question which this Court remanded. The trial court believed that this Court has “established] a new rule” with respect to the evidence necessary to satisfy a burden of proof. We must have misunderstood the facts in Abston I, and this Court should have affirmed the trial court’s ruling that Abston did not fulfill his prima facie burden. I am convinced that we did not intend to suggest the development of a new rule of evidence or procedure in Abston I.
To allow the result of Abston I to remain in effect poses serious public policy concerns for orderly school administration. Had the correct standard been applied, the trial court’s decision would have been affirmed in Abston I. School boards should not be required to produce reasons for termination of non-tenured employees based upon a rule of evidence that the board’s decision “may have been” based on the exercise of first amendment rights. It is the rule that when a prima facie case has been established, the constitutional concerns must become paramount to those of administration. Any other decision would upset the careful balance established in Mt. Healthy. From the school board’s point of view, this balance forces them to carefully consider why they terminate teachers, yet only requires revelation when a constitutional violation has presumptively occurred.
Allowing Abston I to remain uncorrected deceives litigants and lower courts by giving them cause to believe that a showing that the board may have had knowledge of the constitutionally protected activity is sufficient for plaintiff to fulfill his burden. This Court has already ruled following Ab-ston I that a plaintiff, to avoid summary judgment, must offer evidence that the discharging authority actually knew about the protected conduct and acted upon such knowledge. Holliyan v. Gayle, 404 So.2d 31 (Ala.1981) (non-tenured police officer terminated for allegedly exercising right of free speech). To now reaffirm the standards of *1267 Abston I will leave the law unsettled, a result antithetical to this Court’s purpose.
This state of confusion should be resolved by remanding this matter to the trial court to allow plaintiff to present evidence to fulfill his prima facie burden. Remanding this cause would serve the interests of justice and fairness by preventing appellate error from prejudicing the rights of litigants. In any event, Abston I’s implications should be expressly renounced.
FAULKNER and BEATTY, JJ., concur.