INHABITANTS OF WINSLOW *vs.* INHABITANTS OF TROY.

Kennebec. Opinion December 22, 1902.

*Pauper. Marriage. Annulment. Guardian. Probate. Notice. Void Decree. Jurisdiction. R. S., c. 59, § 2; c. 60, §§ 1, 18; c. 67, §§ 4, 6.*

1. Upon marriage, a woman takes the pauper settlement of her husband, if he has any in this State.

2. If the marriage is subsequently annulled on the ground of the mental incapacity of the husband to contract marriage, the woman's pauper settlement must be regarded as not affected by the marriage.

3. The same result follows if it is proved that the husband at the time of its solemnization was mentally incapable of contracting marriage.

4. Such a marriage is absolutely void ab initio, and may be impeached collaterally, without judgment of nullity.

5. The court has no jurisdiction to decree the annulment of a marriage upon the petition of the guardian of one of the parties.

6. The court has no jurisdiction to decree the annulment of a marriage, without notice to the party against whom the proceeding is brought.

7. When want of jurisdiction in such case appears upon the face of the record, the decree is void and may be attacked collaterally.

8. A decree of the probate court, upon application of municipal officers, adjudging a person to be of unsound mind and appointing a guardian for him is void, when it appears that the fourteen days prior notice authorized by statute was not given to him, and no inquisition was had.

9. On such application, without inquisition, the judge of probate can act only when the statutory notice has been given and the person affected is in court. Unless notice has been given, the presence of the person in court and his consent to the proceedings are not sufficient to give jurisdiction.

10. A person of unsound mind is incapable of giving consent, or waiving statutory notice.

11. A void decree of the probate court has no probative force as evidence.

12. When it appears from admitted or indisputable facts, as shown by the evidence, that a verdict is right, and that no other verdict would be sustainable upon the evidence, all other questions of law and fact become immaterial.

13. In this case, it being conceded that a marriage was solemnized between the pauper and one Lorenzo V. Pomeroy, the pauper's settlement, if then in the defendant town, must be regarded as changed thereby to the town where her husband's settlement was, unless it appears that the marriage was void, or that it has been annulled. *Held;* that the decree of annulment was void, and there is no competent evidence in the case that Pomeroy was of unsound mind at the time of the marriage. It therefore appears conclusively, that the verdict for the defendant was the only one which could be sustained in any event, upon the evidence in the case.

Motion and exceptions by plaintiff.    Overruled.

Action for pauper supplies brought in the Superior Court for Kennebec County.    The jury rendered a verdict for the defendant.

*C. F. Johnson,* for plaintiff.

*R. F. Dunton, J. R. Dunton; W. C. Philbrook,* for defendant.

Sitting: Wiswell, C. J., Strout, Savage, Powers, Peabody, Spear, JJ.

Savage, J.    Action to recover for pauper supplies furnished to one Berneta Pomeroy, who is alleged to have a pauper settlement in the defendant town.    The verdict was for the defendant.    The case comes up on the plaintiff's exceptions and motion for a new trial. Several questions are presented, but it will be necessary to consider only one.    For if the pauper's settlement was not in the defendant town, it is unimportant here where it was.    Assuming that the pauper's derivative settlement was in the defendant town, the defendant contends that that settlement was lost by her residence for five years in an unorganized place in this State, and if not so, then by her marriage to one Lorenzo V. Pomeroy, who had a pauper settlement in the town of Starks.    *Eddington* v. *Brewer,* 41 Maine, 462.    We consider only the questions relating to the marriage.    The solemnization of the marriage is not disputed.    But it was open to the plaintiff to show that the marriage was originally void, or that it had been annulled by judicial decree.    The plaintiff claims that the marriage was subsequently annulled by a decree of the Supreme Judicial Court of this State.    If it was legally annulled, it is claimed, and properly, that the pauper's legal settlement must be regarded as not affected by the marriage.    *Reading* v. *Ludlow,* 43 Vt. 628.    So,

if the marriage was void. On the other hand, if the marriage was not annulled, and if there is no proof of its invalidity, it must be held that the pauper took and still retains the settlement of her husband, and hence is not chargeable to the defendant town. And in such case, all the other disputed questions become immaterial, whatever may have been the grounds upon which the jury based their verdict. The single question, therefore, is whether, upon the evidence in the case, the marriage was valid, and is still subsisting. If this be answered in the affirmative, the verdict must be sustained.

The record shows that a petition for annulment was presented to the court by Henry S. Doyen, claiming to be the guardian of the husband, who had been decreed to be a person of unsound mind. The petitioner described himself as guardian, and after setting out alleged causes for annulment, prayed the court to annul the marriage. He signed the petition "Henry S. Doyen, guardian of Lorenzo V. Pomeroy." Upon this petition notice was ordered and served upon Lorenzo V. Pomeroy, but so far as appears, no notice was ordered or served upon Berneta Pomeroy the wife.

It is clear that the petition gave the court no jurisdiction in the premises. It was the petition of the guardian, not that of the husband. Revised Statutes, c. 60, § 18, provides that "when the validity of a marriage is doubted, either party may file a libel as for a divorce; and the court shall decree it annulled or affirmed according to the proof." It is unnecessary to decide whether the petition of one of the parties by a guardian would give the court jurisdiction, for that question is not presented. The statute says that "either party may file a libel as for a divorce." Here neither party to the marriage filed libel or petition. The decree was made upon the libel or petition of the guardian only. Upon this ground therefore it appears that the court had no jurisdiction to annul the marriage, and that the decree was void.

Furthermore, if the decree was made without notice to the wife, the result would be the same. It is elemental knowledge that the court has jurisdiction of parties to proceedings in court only after appearance or notice, such notice as is prescribed by law. Notice to parties against whom process is brought lies at the very foundation of

the administration of justice. Without notice to her, the court had no jurisdiction to make a decree affecting the rights or changing the status of the wife.

The want of jurisdiction is apparent upon the face of the record. The decree of nullity was absolutely void. It is well settled that a judgment thus void for want of jurisdiction may be attacked collaterally. In truth, it needs not to be attacked, for it cannot stand alone. *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456. It follows that the settlement of the pauper was not affected by the attempted annulment of the marriage.

This conclusion is decisive of this case, unless it appears from the evidence, that the husband was in fact of unsound mind and incapable of contracting marriage, at the time of the marriage. If he was, the marriage was absolutely void, ab initio. Such is the common law, and such, also, is the statute provision in this State, as to marriages solemnized in this State. *Unity* v. *Belgrade*, 76 Maine, 419. Bishop on Marriage and Divorce, § 187; R. S., c. 59, § 2, c. 60, § 1. Such a marriage may be impeached collaterally. Judgment of nullity is not required. *Unity* v. *Belgrade*, supra. Bishop on Marriage and Divorce, § 187. The marriage in question was solemnized in Massachusetts, but in the absence of proof of any statutory provisions upon the subject, it is to be presumed that the common law of Massachusetts is the same as in this State. *Tlexan* v. *Wilson*, 43 Maine, 186; *McKenzie* v. *Wardwell*, 61 Maine, 136.

It was therefore open to proof in this case that the marriage was void by reason of the husband's unsoundness of mind. When a marriage is proved, it is presumed that the parties to it were capable of giving valid consent. Bishop on Marriage and Divorce, § 184. The burden of showing incapacity was upon the party alleging it, which in this case was the plaintiff. *Hovey* v. *Chase*, 52 Maine, 304, 83 Am. Dec. 514.

The only thing in the case on which any claim can be based, that the marriage was void by reason of the husband's mental incapacity at the time it was solemnized, is the record of a decree of the Probate Court in Somerset County, made prior to the marriage, in which it was decreed that Pomeroy, afterwards the husband, was a person of

unsound mind, and Mr. Doyen was appointed his guardian. This decree is printed in the record, although it does not appear that it was admitted in evidence. If this is not evidence, the case is barren of evidence upon this point. As it appears in the record among the printed exhibits, we give the plaintiff such benefit, if any, as may be derived from its consideration. This decree was made upon the petition of the selectmen of the town of Starks. The statute, R. S., c. 67, § 4, authorizes the appointment of a guardian of a person insane or of unsound mind, upon the application of the selectmen of the town where he resides. In some instances, not material to this discussion, this may be done without inquisition. Section 4, of c. 67, provides that "in all cases where the municipal officers or overseers of the poor are applicants, if they have given at least fourteen days notice to such person by serving him with a copy of their application, the judge may adjudicate thereon without further inquisition, if such person is present, or on such further notice, if any, as he thinks reasonable." Section 6 provides that "in all other cases, the judge shall issue his warrant to the municipal officers of the town where such person resides requiring them to make inquisition into the allegations made in the application, and they shall, upon such evidence as they are able to obtain, decide whether such allegations are true." This court held in *Holman* v. *Holman*, 80 Maine, 139, that it was essential that the selectmen should give notice of the inquisition to the person affected.

In the case now under consideration, no inquisition was made by the selectmen, and none was ordered by the judge of probate. Nor had the selectmen given fourteen days notice of their application to Pomeroy. The judge of probate, as stated in the decree, determined that notice was not necessary, "the said Lorenzo V. Pomeroy being present in court with full knowledge hereof and consenting hereto."

We think this decree is void. It is void upon its face. The preliminary requirements of the statute were not complied with, without which the judge of probate had no authority to make any decree. The requirements of such a statute, affecting most important personal rights, must be strictly complied with. *Coolidge* v. *Allen*, 82 Maine, 23. The fact that Pomeroy was present in court does not obviate

the difficulty.   Without an inquisition, the judge of probate can act
only when the notice has been given, and in such case, when the per-
son affected is in court.   Even if the selectmen had given him the
fourteen days notice required, still the judge could not have made
the decree without inquisition, unless he was present.   But they did
not give the notice.   Both are essential, so far as this case is
concerned.

It only remains to inquire whether Pomeroy's consent was suffi-
cient to give jurisdiction to the Probate Court.   Clearly not.   Per-
sons of sound mind and sui juris may generally waive statutory provi-
sions in their favor.   But how can a person of unsound mind be said
to have "full knowledge" and how can he give "consent"?   How can
a decree of mental unsoundness be based upon the knowledge and con-
sent of the person who for that very reason is incapable of giving
consent?   Or how can want of notice in such case be excused by the
consent of one who lacked mental capacity to excuse it?   The mere
statement of the proposition affords a perfect answer.   The two posi-
tions are absolutely incongruous.   The decree of the Probate Court
therefore was void.   Being void, it has no force or effect.   It proves
nothing.   It is not evidence.

Accordingly it must be held, upon the evidence as presented, that
the marriage of the pauper with Lorenzo V. Pomeroy was a valid
one.   If so, her pauper settlement is that of her husband in the town
of Starks, and not in the defendant.

Inasmuch as it thus appears, that the defendant is entitled to judg-
ment in any event upon all the evidence which is competent, the
exceptions also become immaterial, and need not be considered.

*Motion and exceptions overruled.*