2000 ME 124

**Dennis CRIBBEN**

v.

**CENTRAL MAINE HOME
IMPROVEMENTS**

**and**

**Commercial Union Insurance. Co.**

Supreme Judicial Court of Maine.

Argued June 6, 2000.
Decided June 30, 2000.

Paul F. Macri, (orally), John E. Sedgwick, Berman & Simmons, P.A., Lewiston, for employee.

Brenda T. Piampiano (orally), Dale L. Gavin, Piampiano & Gavin, South Portland, for employer.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1] The employer, Central Maine Home Improvements (CMHI), appeals from a decision of the Workers' Compensation Board that the employee's child, born two years after the 1990 injury, but prior to the employee's death in 1996, may be treated as a dependent for purposes of receiving death benefits pursuant to former 39 M.R.S.A. § 58–A (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. § 215 (Pamph.1999)).[1] Because we conclude that a child born more than nine months after a work injury is not a dependent eligible to receive death benefits pursuant to former section 58–A, we vacate the decision of the Board.

[¶ 2] The relevant facts are not in dispute. The employee, Dennis Cribben, suffered a work-related injury on November 3, 1990, while employed by CMHI. A daughter, Tessa, was born to Cribben in 1992. Pursuant to the terms of a 1996 divorce settlement agreement, Cribben and his ex-wife were to share custody of Tessa and Cribben was to pay $50 per week in child support. Cribben died on September 17, 1996. The employee's brother filed a petition for award seeking death benefits on behalf of Tessa. The Board granted the petition and we granted CMHI's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Pamph. 1999).

[¶ 3] Section 58–A provides, in pertinent part:

If death results from the injury, the employer shall pay the dependents of the employee, dependent upon the employee's earnings for support at the time of the injury, a weekly payment equal to ⅔ of his average gross weekly wages, earnings or salary, but not more than the maximum benefit under section 53–B. . . .

39 M.R.S.A. § 58–A, *repealed by* P.L.1991, ch. 885, § A–7.

[¶ 4] The term "dependent" is defined in 39–A M.R.S.A. § 102(8) (Pamph.1999),[2] which provides, in pertinent part:

"Dependent" means a member of an employee's family or that employee's next of kin who is wholly or partly dependent upon the earnings of the employee for support at the time of the injury. The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee:

. . . .

C. A child, including an adopted child or a stepchild, under the age of 18 years, or under the age of 23 years if a student or over the age of 18 years but physically or mentally incapacitated from earning, who is dependent upon the parent with whom the dependent is living or upon whom the dependent is actually dependent in any way at the time of the injury to the parent, there being no surviving dependent parent. For the purposes of this paragraph, 'child' includes any dependent posthumous child whose mother is not living. If there is more than one child dependent, the compensation must be divide equally among them.

. . . .

In all other cases, questions of total or partial dependency must be determined

---

1. Although the employee's death occurred after the effective date of title 39–A, the Board concluded that Cribben's entitlement to death benefits is governed by former 39 M.R.S.A. § 58–A, *repealed by* P.L.1991, ch. 885, § A–7, the statute applicable on the date of his 1990 work injury. Because the issue of the appli-cable death benefit statute has not been raised by the parties, we also apply section 58–A.

2. As the we stated in *Beaulieu v. Maine Med. Ctr.,* 675 A.2d 110, 111 (Me.1996), the definitional provisions of title 39–A, section 102, apply retroactively to pre–1993 injuries.

in accordance with the fact as the fact was at the time of the injury. . . .

39–A M.R.S.A. § 102(8).

■ [¶ 5] For a child to be treated as a "dependent" pursuant to workers' compensation law, the child must have been dependent upon the employee, either wholly or partially, "at the time of the injury." Cribben contends, and the Board agreed, that, for the purpose of awarding death benefits, the phrase "date of injury" may be interpreted to include the date of death. Cribben relies on the subsection 102(8) proviso that the term "child" "includes any dependent *posthumous child* whose mother is not living." 39–A M.R.S.A. § 102(8). Cribben contends that reference to a "posthumous child" reflects a legislative intent to reach all children who are left unprovided for by a fatality. Cribben contends that the definition of "dependent" should be read broadly to include children born between the date of injury and the date of death.

■ [¶ 6] While we recognize valid policy arguments in favor of the Board's in-

terpretation, we are constrained by the statutory language. The opening paragraph of section 58–A provides: "If *death* results from the *injury*, the employer shall pay the dependents of the employee, dependent upon the employee's earnings for support *at the time of the injury* . . . ." 39 M.R.S.A. § 58–A (1989), *repealed by* P.L.1991, ch. 885, § A–7 (emphasis added). For purposes of subsection 58–A, the terms "injury" and "death" are used to connote two separate and distinct events. Examination of the remainder of section 58–A[3] reinforces our interpretation that the Legislature uses the word "death" to refer to the fatality that gives rise to an award of death benefits, and the word "injury" to refer to the work-related incident that precipitates that fatality. Because the employee's child was not a dependent at the time of the injury for purposes of former section 58–A, we vacate the decision of the Board.[4]

The entry is:

Decision of the Workers' Compensation Board is vacated. Remanded to the Work-

---

**3.** 39 M.R.S.A. § 58–A(2) and (3), *repealed by* P.L.1991, ch. 885, § A–7 provides:

> **2. Determination of recipients.** If the dependent of the employee to whom compensation will be payable upon his death is the widow of the employee, upon her death or at the time she becomes a dependent of another person, compensation to her shall cease and the compensation which would otherwise have been payable to her shall be paid to the child or children, if any, of the deceased employee, including adopted and stepchildren under the age of 18 years, or over that age but physically or mentally incapacitated from earning, who are dependent upon the widow at the time of her death or dependency. If the dependent is a widower, upon his death or at the time he becomes a dependent of another person, the remainder of the compensation which would otherwise have been payable to him shall be payable to the children specified in this subsection, if any, who are dependent upon him at the time of his death or dependency. If there is more than one dependent child, the compensation shall be divided equally among them. Except in the case of dependents who are physically or mentally

> incapacitated from earning, compensation payable to any dependent child under the age of 18 years shall cease upon that child's reaching the age of 18 years or upon marriage.
>
> **3. Partial dependency.** If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the employer shall pay those dependents a weekly compensation equal to the same proportion of the weekly payments provided in this section for the benefit of dependent persons, as the total amount contributed by the employee to those partial dependents for their support during the year before his injury bears to the earnings of the employee during that period.

**4.** The employer also contends on appeal that the Board erred in concluding that the employee's fatality is compensable or related to his underlying injury. Because Cribben only seeks benefits on behalf of his daughter, Tessa, however, and because we conclude that Tessa is not a dependent entitled to receive death benefits, it is not necessary for us to reach the issue of the compensability of the employee's fatality in this appeal.

ers' Compensation Board for further proceedings consistent with this opinion.