STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-15

SAPPI NORTH AMERICA,

                    Plaintiff

v.                                                          ORDER

STATE OF MAINE
Cumberland ss Clerk's Office

AUG 02 2019 12:48

RECEIVED PM

CHERYL DYER,

                    Defendant

Before the court is a motion by defendant Cheryl Dyer to dismiss the complaint filed by plaintiff Sappi North America.[1] Oral argument on the motion was held on July 31, 2019 to address a jurisdictional issue raised by the court.

In its complaint Sappi alleges that Dyer has filed a petition for an award of workers compensation death benefits pursuant to 39-A M.R.S. § 215 as the spouse of Joseph Dias. The petition alleged that Dias had died on July 28, 2017 as a result of lung cancer resulting from exposure to asbestos while he was employed at Sappi.[2]

The complaint further alleges that Dyer had been Dias's "significant other" for many years but that her status as Dias's spouse is based on a marriage that occurred on July 9, 2017, after Dias had apparently begun receiving in-home hospice services from the Hospice of Southern Maine. Sappi alleges that shortly before the marriage Dias had been evaluated as unable to answer questions and suffering from disorientation, delirium, and impaired judgment and that Dias was not legally competent to marry on July 9, 2017.

---

[1] Also pending is a motion by Sappi to file a surreply brief on an issue raised for the first time in Dyer's reply brief. Sappi's motion was not opposed and is granted.

[2] Pursuant to 39-A M.R.S. § 215(1), this would make Ms. Dyer potentially eligible, as a dependent of a deceased employee, to receive 500 weeks of benefits.

Plaintiff–Caitlin Wahrer, Esq.
John Lambert, Esq.
Defendant–Katherin Gatti, Esq.

Sappi's complaint seeks a declaratory judgment that Dyer was not legally married to Dias at the date of his death, which would make Dyer ineligible to receive benefits as a surviving spouse.

Dyer has moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. In her motion papers she argues that the court does not have subject matter jurisdiction to consider a claim that is essentially a proceeding to annul a marriage.

With respect to the status of the workers compensation proceeding, Sappi alleges in its complaint that when it sought to raise the validity of the marriage in the workers compensation proceeding, Dyer responded that the validity of the marriage was not an issue that the Workers Compensation Board could decide.[3] Sappi thereafter brought a motion to stay the workers compensation proceeding and filed this action. At oral argument on July 31, the parties reported that by agreement the workers compensation petition had been subsequently dismissed without prejudice with the statute of limitations tolled to allow refiling.

After reviewing the papers filed by Dyer and Sappi on the pending motion to dismiss, the court requested oral argument to allow the parties to address a different issue relating to subject matter jurisdiction – whether the court lacks subject matter jurisdiction because issues relating to eligibility for workers compensation benefits are within the exclusive jurisdiction of the Workers Compensation Board.

Standard of Review

The issue of whether the court has subject matter jurisdiction for purposes of M.R.Civ.P. 12(b)(1) and 12(h)(3) is an issue of law, and the court may consider material outside of the pleadings. *See* 2 C. Harvey, Maine Civil Practice (3d. ed. 2011) § 12:7, citing *Guterriez v. Guterriez,* 2007 ME 59 ¶¶ 8-10, 921 A.2d 153.

---

[3] At oral argument on July 31, 2019 counsel for Dyer stated that she now agreed that the Workers Compensation Board could consider Sappi's argument that Dyer did not qualify as a dependent spouse for purposes of workers compensation.

2

For purposes of a motion to dismiss under M.R.Civ.P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell*, 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

On a 12(b)(6) motion the court can consider official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, but cannot otherwise consider materials outside of the complaint without converting the motion into a motion for summary judgment. *Moody v. State Liquor & Lottery Commission*, 2004 ME 20 ¶ 10.

In this case the court does not have to consider Dyer's Rule 12(b)(6) motion because it concludes that subject matter jurisdiction is lacking.[4]

Jurisdiction

_____

[4] On the issue of whether the complaint states a claim, Dyer has offered documents to rebut Sappi's argument that Dias was not legally competent at the time of the marriage. However, on a 12(b)(6) motion, the court is limited to the allegations in the complaint. In addition to Sappi's challenge to whether Dias was legally competent to marry, Sappi also raises claims of equitable estoppel and champerty. However, the complaint is devoid of any factual allegations to support a claim that Sappi has relied to its detriment on misrepresentations by Dyer and is also devoid of any factual allegations that Dyer has promised anything of value to someone in order to collect on a civil action.

3

In her motion Dyer has offered facts and offered documents beyond those alleged in the complaint, but none of the additional facts she recites or the exhibits she has annexed affect the issue of subject matter jurisdiction.

Dyer characterizes this cases as an action to annul the marriage, which can only be brought by one of the parties to the marriage under 19-A M.R.S. § 752(1), which provides: "When the validity of a marriage is doubted, either party may file a complaint for annulment."

It appears that standing to bring an annulment action is limited to the marital couple and to a guardian of an incompetent person seeking annulment on behalf of the ward. *Inhabitants of Winslow v. Inhabitants of Troy*, 97 Me. 130, 132, 53 A. 1008, 1009 (1902); *Knight v. Radomski*, 414 A.2d 1211, 1213 (Me. 1980). Even if an annulment action could be brought by a third party such as Sappi, such an action could only be brought in the District Court. 4 M.R.S. § 152(11).

However, Sappi's response is that this is not an annulment action but an action for a declaratory judgment as to the validity of the marriage, which falls within the general jurisdiction of the Superior Court rather than the exclusive jurisdiction of the District Court. Sappi cites the *Inhabitants of Winslow* case, which states that if one of the parties to the marriage was of unsound mind and incapable of contracting marriage, the marriage is void ab initio and "may be impeached collaterally." 97 Me. at 133.

The court would be reluctant to rely heavily on *Inhabitants of Winslow* and on *Inhabitants of St. George v. City of Biddeford*, 79 Me. 593 (1885), which are antiquated cases involving disputes between municipalities as to the validity of marriages affecting residency for purposes of supplies given to paupers. However, Sappi cites recent cases from other states, particularly *McLeod v. Mudlaff (In re Estate of Laubenheimer)*, 2013 WI 76 ¶¶ 5-6, 83-85, 833 N.W.2d 735, in which the Supreme Court of Wisconsin held that annulment is not the only avenue to void a marriage and that a court may issue a declaratory judgment to declare that a marriage was void. That case involved a dispute

4

over an estate in which relatives of the deceased challenged the validity of a marriage that the deceased had entered into three months before her death, after she had suffered several strokes and allegedly was too incapacitated to have been legally competent to marry.

The court ultimately does not reach the issue of whether the Law Court would follow Wisconsin's decision in *McLeod v. Mudlaff* because it concludes that it does not have subject matter jurisdiction to decide issues relating to eligibility for workers compensation benefits.

In the court's view, Dyer's entitlement to workers compensation benefits is an issue for the Workers Compensation Board to decide. Whether she may seek benefits under the statute depends on whether she qualifies as a dependent.[5] In other contexts the Workers Compensation Board has made the determination of whether a person claiming benefits qualifies as a dependent, and those decisions are reviewable on appeal by the Law Court. *See, e.g., Cribben v. Central Maine Home Improvements,* 2000 ME 124, 754 A.2d 350; *Ladner v. Mason Mitchell Trucking Co.,* 434 A.2d 37 (Me. 1981); *Lavoie v. International Paper Co.,* 403 A.2d 1186 (Me. 1979).[6]

A party's rights under the Workers Compensation Act are purely statutory. *Lavoie v. Gervais,* 1998 ME 158 ¶ 11, 713 A.2d 335. Nowhere in the Workers Compensation statute is there any provision for the Superior Court to consider and rule on issues relating to whether a party qualifies for workers compensation benefits. The only statutory provision addressing judicial involvement with respect to workers compensation is the provision for appeals to the Law Court from decisions of the Workers Compensation Board or the Appellate Division of the Workers Compensation Board. 39-A M.R.S. § 322.

---

[5] If Dyer was the rightful spouse of Dias at the time of his death, she would be conclusively presumed to have been wholly dependent on Dias's earnings for purposes of the workers compensation law. 39-A M.R.S. § 102(8)(A).

[6] The *Lavoie* case was decided under a prior procedure in which decisions by the Workers Compensation Commission resulted in pro forma decrees entered in the Superior Court which were then reviewable on appeal by the Law Court.

Accordingly, this court does not have subject matter jurisdiction over Sappi's claim that Dyer does not qualify as Dias's dependent spouse. In *Lavoie v. Gervais,* 1998 ME 158 ¶ 1, the Law Court stated that the Superior Court did not have subject matter jurisdiction of a claim based on fraud in the context of a worker's compensation proceeding. The same conclusion applies here. Just as this court would not have jurisdiction to consider a declaratory judgment action seeking a determination whether a worker's compensation claimant had been injured on the job, it does not have jurisdiction to consider whether any particular claimant qualifies as a "dependent" within the meaning of 39-A M.R.S. § 102 (8).

The Workers Compensation Board can decide that it will consider Sappi's argument that the marriage is invalid. If it does, either party can appeal an adverse decision on that issue. If the Board declines to look beyond the marriage certificate, Sappi can appeal that decision.

At oral argument on July 31, counsel for Sappi contended that its declaratory judgment action is not addressed to whether Dyer is a dependent for purposes of workers compensation but more generally to whether the marriage is invalid. The only reason this matters to Sappi, however, is because of the potential workers compensation claim. In that context, any declaratory judgment issued by this court would invade the exclusive jurisdiction of the Workers Compensation Board.

The entry shall be:

The complaint is dismissed for lack of subject matter jurisdiction. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 2, 2019

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 8/2/19

6